OPINION of the Court, by
Ch, J. Boyle.
This -•■ms an act’on of debt, upon an agreement in writing without seal, 1 or the payment of £ 7 5 in trade, under the penalty of £ 100. The declaration contains no averment of the consideration upon which the agreement was made. ' The defendant in the action demurred, and upon the demurrer judgment was given against him ; to reverse which he has prosecuted this writ of error.
The objection to the declaration for want of an averment of the consideration of the agreement, is fatal, in an action founded upon a deed or a mercantile instrument, as the law in such a case implies a consideration, none is necessary to be stated in the declaration ; but in all other cases the consideration not being implied, must be averred. This doctrine has frequently been incidentally recognized by this court, and was dii cciiy settled at this terra, in the cases of Grigsby vs. Smedly and Voorhies vs. Benham, (ante 572) in both of which cases the necessity of such an averment was the only point decided. These were indeed actions of as-sumpsit, but this circumstance can produce no difieren ce ; it is not the species of action, hut the nature of the contract upon which it was founded, that must determine the question, whether a consideration is necessary to be alleged or not. But the “ act to amend aa act to reduce into one the several acts for preventing vexatious suits and regulating proceedings i» civil cases,” is relied on by the counsel fpr the defendant in error, as having in this respect changed the doctrine of the common law. The first section of that act provides “ that whenever any suit shall be commenced in anv of the courts of this commonwealth, founded on any writing, whether the same be under seal or not, the court before whom the same is depending, .shall receive such *586 writing as evidence of the debtor duty for which it was given, and it shall not be lawful for the defendant in apy such suit to deny the execution of such writing, unless it be by plea supported by the affidavit of the party putting in such plea.”
We understand this provision as being applicableyto; those cases onlv in which the instrument itself is the' foundation of the action, abb not to those where the instrument is not the .basis of the action, but merely evidence of the contract upon which the action is founded. It is obviously not the intention of the act to give an action upon an instrument upon which an action would not lie before the passage of the act. Nor with respect to those cases to which the act applies, has it dispensed with the necessity of any averment which was before necessary to be made. It merely regulates the effect of the instrument ns evidence of the debt or duty, and inhibits the denial of it unless it be by plea supported bv affidavit.
We are therefore of opinion that the judgment is erroneous, and must be reversed, &c.